UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS   WESTERN DIVISION
-----------------------------------------------------------------------
INTERNATIONAL UNION OF OPERATING ENGINEERS )
LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH )
AND WELFARE FUND AND JOINT TRAINING, )
RETRAINING, SKILL IMPROVEMENT, SAFETY )
EDUCATION, APPRENTICESHIP AND TRAINING FUND )
by William Sullivan and David Cardimino, as Trustees; )
INTERNATIONAL UNION OF OPERATING ENGINEERS )
LOCAL NO. 98 AND EMPLOYERS COOPERATIVE TRUST, )
by William Sullivan and David Cardimino, as Trustees; CENTRAL )
PENSION FUND OF THE INTERNATIONAL UNION OF )   Civil Action No.
OPERATING ENGINEERS AND PARTICIPATING )   03-30305-MAP
EMPLOYERS, by Michael R. Fanning, as Chief Executive )
Officer; and INTERNATIONAL UNION OF OPERATING )
ENGINEERS LOCAL 98, AFL-CIO, by David Cardimino, as )
Business Manager, )
)
                         Plaintiffs, )
)
      v. )
)
NATIONWIDE ROCK & RECYCLING CORP., )
)
                        Defendant. )
-----------------------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR DEFAULT JUDGMENT**

BLITMAN & KING LLP
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone: (315) 422-7111
Facsimile: (315) 471-2623

Of Counsel:

    Charles E. Blitman, Esq.
    Jennifer A. Clark, Esq.
    Kara A. Hiller, Esq.

## INTRODUCTION

The matter before this Court is plaintiffs' motion for default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, in favor of plaintiffs and against the defendant in the amount of $11,562.71.

The underlying action was brought against defendant Nationwide Rock & Recycling Corp., to collect delinquent fringe benefit contributions, deductions, interest, liquidated damages, costs and disbursements, and attorneys' fees due and owing to multi-employer benefit plans and a labor organization.

## STATEMENT OF FACTS

Defendant Nationwide Rock & Recycling Corp. [hereinafter "Company"] is party to a collective bargaining agreement with International Union of Operating Engineers Local 98, AFL-CIO [hereinafter referred to as "Agreement"].[1] Pursuant to the provisions of the Agreement, the defendant is obligated to remit fringe benefit contributions and deductions to the plaintiffs. Contributions and deductions are to be remitted for all hours worked by employees who are covered by the collective bargaining agreement, i.e., performing bargaining unit work.

Pursuant to the Agreement, the Company is bound by the rules and regulations of the Funds' Board of Trustees and the terms and conditions of the Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, the Restated Agreement and

---

[1] Affidavit of Charles E. Blitman, sworn to August 5, 2004, submitted in support of plaintiffs' motion [hereinafter "Blitman Aff."], Exh. "D".

Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy. ["Agreements and Declarations of Trust" and "Collections Policy"]. The Agreements and Declarations of Trust, the Collections Policy and 29 U.S.C. §1132(g)(2) obligate the Company, if it is delinquent in remitting contributions and deductions, to pay interest, the greater of interest or liquidated damages, costs and fees of collection and attorneys' fees.[2]

During the period May 2002 through July 2002, the defendant failed to timely remit fringe benefit contributions and deductions to the plaintiffs. Upon the defendant's failure to pay this delinquency, the plaintiffs commenced the instant lawsuit to collect the delinquent fringe benefit contributions and deductions together with interest, liquidated damages, costs and fees of collection and attorneys' fees and to obtain an audit.

---

[2] Blitman Aff., ¶¶ 12-13 Exhs. "E" and "F".

## ARGUMENT

### POINT I

### PLAINTIFFS ARE ENTITLED TO A FINAL JUDGMENT ON THEIR FIRST AND SECOND CAUSES OF ACTION

Federal Rules of Civil Procedure Rule 54(b) "permits the entry of judgment . . . on fewer than all the claims in a multi-claim action." Spiegel v. Tufts College, 843 F.2d 38, 42 (1st Cir. 1988). Rule 54(b) allows the district court to depart from the usual principle that a final judgment is not entered prior to a complete adjudication of all the parties' claims so that the court can provide relief where it is needed to avoid undue hardship to the parties. See Comite Pro Rescate de la Salud v. Puerto Rico Aqueduct & Sewer Auth., 888 F.2d 180 (1st Cir. 1989).

In this case, as set forth below, it is respectfully submitted that final judgment should be granted in favor of plaintiffs on their First and Second Causes of Action for the monies due for the period May 2002 through July 2002. A final judgment of the First and Second Causes of Action is necessary because the defendant's violation of its obligations causes the plaintiffs and the beneficiaries of the Funds to incur serious harm. Specifically, the corpus of the Funds have been reduced, their income has been reduced, and their ability to pay benefits have been jeopardized. The defendant's failure to remit contributions and deductions and a delay in allowing plaintiffs to enforce their claim and collect the debt, may also cause beneficiaries of the Funds to have their benefits reduced or terminated. Therefore, it is respectfully requested that the Court enter a final judgment on the First and Second Causes of Action, in accordance with Rule 54(b), against the defendant in the amount of $11,562.71.

For these same reasons, the Court should enter an Order on Plaintiffs' Third and Fourth Causes of Action, compelling an audit and retaining jurisdiction to enter judgment for any additional fringe benefit contributions uncovered by the audit.

## POINT II

## DEFAULT JUDGMENT MUST BE ENTERED AGAINST DEFENDANT IN THE AMOUNT OF $11,562.71.

In any action under 29 U.S.C. §1132(g)(2) to enforce an employer's obligation to remit contributions in accordance with the terms of its contract and the plan, the employee benefit plan is entitled to recover the contributions, interest, liquidated damages, attorneys' fees and costs. Thus, 29 U.S.C. §1132(g)(2) provides:

> <u>In any action under this subchapter by a fiduciary for or on behalf of the plan to enforce Section 1145 of this title</u> in which a judgment in favor of the plan is awarded, <u>the court shall</u> award the plan:
>
> (A)   the unpaid contributions,
>
> (B)   interest on the unpaid contributions,
>
> (C)   an amount equal to the greater of -
>
>     (i)   interest on the unpaid contributions, or
>
>     (ii)  liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D)   reasonable attorneys' fees and costs of the action to be paid by the defendant; and

4

    (E)    such other legal or equitable relief as the court deems appropriate. (emphasis added)

See Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 1997 U.S. Dist. LEXIS 22233. This statutory relief applies and the employer is strictly liable for that relief whenever there are contributions unpaid at the time the lawsuit is commenced by the plan and whenever delinquencies arise after commencement of the lawsuit.

In addition to its statutory obligations, the defendant is contractually obligated to pay interest, liquidated damages and attorneys' fees and costs in connection with late payment of contributions, regardless of whether those contributions are paid prior to or subsequent to commencement of a lawsuit. The International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy provides, in part:

> If no payment has been received by the Funds on or before the thirtieth (30th) day of the month following the month during which hours are worked and for which contributions are required, the Employer shall be assessed interest on the amount of delinquent contributions at the rate of one and one-half percent (1-½%) per month from the date the monies were due (the tenth (10th) day of the month), liquidated damages of twenty percent (20%) of the delinquent contributions, auditing fees, and any attorney's and paralegal fees and other costs.[3]

---

[3] Blitman Aff., Exh. "F", International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy, p. 3.

5

It is also well established that when a defendant has failed to plead or otherwise defend an action, the Court shall enter default judgment against it in accordance with Rule 55(b) of the Federal Rules of Civil Procedure.[4] "A defaulting party 'is taken to have conceded the truth of the factual allegations of the complaint as establishing the grounds for liability as to which damages will be calculated.'"[5] In the instant case, those allegations which have been admitted by the defendant are as follows: (1) the defendant is party to a collective bargaining agreement with International Union of Operating Engineers Local 98, AFL-CIO ["Agreement"] (¶16 of the Complaint); (2) the defendant is bound by the Funds' Agreements and Declarations of Trust (¶17 of the Complaint);[6] (3) the defendant is obligated to remit contributions to the plaintiff Funds, dues deductions, and Social Action Fund monies to the Union (¶¶13-20 of the Complaint); (4) the defendant is liable, in the event of a delinquency, for interest, liquidated damages, costs and fees of collection and attorneys' fees. (¶21 of the Complaint); (5) the defendant owes $1,212.55 in deductions for the period May 2002 through July 2002 together with the applicable interest

---

[4] Rule 55(b) provides, in part:

> (b) <u>Judgment</u>. Judgment by default may be entered as follows:
>
> (1) When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if he has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2) <u>By the Court</u>. In all other cases the party entitled to a judgment by default shall apply to the court therefor; . . .

[5] <u>Ortiz-Gonzalez v. Fonovisa</u>, 277 F.3d 59 (1st Cir. 2002)(quoting <u>Franco v. Selective Ins. Co.</u>, 184 F.3d 4 (1st Cir. 1999)).

[6] By executing the collective bargaining agreement, the defendant bound itself to the rules and regulations and terms and conditions of the Agreements and Declarations of Trusts incorporated therein by reference. <u>Jaspan v. Glover Bottle Gas Corporation</u>, 80 F.3d 38 (2d Cir. 1996). Moreover, by agreeing to remit contributions to the plaintiff Funds, the Company agreed to abide by those rules and regulations established by the Funds' trustees to administer the Funds and to collect delinquencies. <u>Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Construction Co.</u>, 932 F.2d 1443 (11th Cir. 1991); <u>Morris v. New York State Teamsters Conference Pension and Retirement Fund</u>, 580 F.Supp. 180 (W.D.N.Y. 1983), aff'd, <u>Building Trades Employers Association v. New York State Conference Pension and Retirement Fund</u>, 761 F.2d 115 (2d Cir. 1985); <u>Sinai Hospital v. Hospital Employees Benefit Fund</u>, 697 F.2d 567 (4th Cir. 1982).

and liquidated damages (¶¶22-24 of the Complaint); (6) the defendant owes $1,884.99 in interest and $2,624.17 in liquidated damages as a result of its untimely payment of $13,850.20 in contributions and deductions for the period May 2002 through July 2002 (¶¶28-29 of the Complaint); (7) the Agreement, the Trusts and Collections Policy require the defendant to produce its books and records for audit by the plaintiffs (¶31 of the Complaint); and (8) the defendant is liable for all costs and expenses of the audit, all auditing fees, and any and all attorneys' and paralegal fees incurred in obtaining the audit (¶32 of the Complaint).[7]

Based upon the foregoing, the defendant is indebted to the plaintiffs in the sum of $11,562.71. That sum consists of $1,212.55 in deductions, $2,108.86 in interest, $2,624.17 in liquidated damages, and $5,617.13 in attorneys' fees and costs, including paralegal fees.[8] In addition, the Court should enter an Order directing the defendant to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit. Further, the Court should enter judgment against the defendant for any and all contributions and deductions that are determined to be due and owing as a result of the audit, plus the applicable interest thereon, liquidated damages and costs and expenses of collection. See Plumbers and Steamfitters Local No. 150 Pension Fund v. Vertex Construction Co., 932 F.2d 1443 (11th Cir. 1991).

---

[7] Blitman Aff., Exh. "A".

[8] Blitman Aff., ¶¶15-19 and ¶¶23-30.

7

### POINT III

### PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS, INCLUDING PARALEGAL FEES, IN THE AMOUNT OF $5,617.13.

Plaintiffs are statutorily entitled to an award of the attorneys' fees and costs incurred in connection with the collection of the fringe benefit contributions and deductions. This is an action to enforce the defendant's obligation pursuant to a collective bargaining agreement and plans to timely pay contributions and various monies due under ERISA. Section 502(g)(2) of ERISA [29 U.S.C. §1132(g)(2)] provides, in part:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145 of this title <u>in which a judgment in favor of the plan is awarded, the court shall</u> award the plan.
>
> . . .
>
> (d) Reasonable attorneys' fees and costs of the action, to be paid by the defendant.[9]

In addition, the defendant is contractually obligated to reimburse the plaintiffs for all attorneys' fees and costs incurred in connection with collection of the debt. Thus, the Agreement and Declaration of Trust of

---

[9] Legislative history establishes that Congress enacted Section 502(g)(2) of ERISA so that plan trustees would be able to recoup the actual costs incurred in collecting delinquencies. In describing the effect and intent of Section 502(g)(2), Senator Williams stated:

> A plan sponsor that prevails in any action to collect delinquent contributions will be entitled to recover the delinquent contributions, court costs, attorneys' fees, interest on the contributions owed and liquidated damages. <u>The intent of this section is to promote the prompt payments of contributions and assist plans in recovering the costs incurred in connection with delinquencies.</u>

126 Cong. Rec. §11673 (daily ed. Aug. 26, 1980 (remarks of Sen. Williams)).

8

the International Union of Operating Engineers Local Union 98 Annuity Fund provides in part:

> The Trustees may require the payment by Employers of liquidated damages and interest (as provided in the Plan or in a separate collections policy established by the Trustees) and of other costs and expenses (such, as without limitation, attorneys' fees, paralegal fees, accountant's fees, filing fees and cost of service of papers and all other costs and disbursements) incurred by the Trustees and arising out of the collection of an Employer's delinquent contributions.[10]

In accordance with defendant's contractual obligation, and in accordance with 29 U.S.C. Section 1132(g)(2), it is submitted that the defendant is liable for and plaintiffs are entitled to an award of attorneys' fees and costs, including paralegal fees, in the amount of $5,617.13, representing $5,140.20 in attorneys' and paralegal fees and $476.93 in costs and disbursements.

As indicated by the plaintiffs' motion papers, the figure of $5,140.20 was calculated by multiplying the number of attorney and paralegal hours spent in this action by the hourly rate charged to the plaintiffs.[11] This formula is a basis for calculating attorneys' and paralegals' fees under ERISA.[12] Moreover, the hourly rates claimed are reasonable given the experience and reputation of the Funds' attorneys and paralegals, the time and labor required, the amount of delinquency involved, and the results

---

[10] Blitman Aff., Exh. "E", Agreement and Declaration of Trust of International Union of Operating Engineers Local 98 Annuity Fund, p. 16; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, p. 15; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, p. 16; the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, pp. 20-21; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, p. 21; and the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, p. 4.

[11] Blitman Aff., ¶26, Exh. "I".

[12] See Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 1997 U.S. Dist. LEXIS 22233 (D. Ma. 1997). The Court noted that where "the relevant statute does not provide an alternate method for calculating reasonable attorney's fees, the 'lodestar' method should be used." Id. at *37 n. 10. The Court further explained that the "lodestar" is arrived at by "determining the number of hours productively spent on the litigation and multiplying those hours by reasonable hourly rates." Id. [internal quotations omitted].

9

obtained. See, Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp., 1997 U.S. Dist. LEXIS 22233 (ERISA action – $190.00 hourly rate reasonable considering factors such as experience of the attorney, complexity of the work and the results obtained); Malden Mills Indus. Inc. v. Ilgwu Nat'l Retirement Fund, 780 F. Supp. 68 (D. Ma. 1991) (ERISA action – attorney reimbursed at the rate of $225.00 per hour).

For the foregoing reasons, the Court should award $5,617.13 in attorneys' fees and costs, including paralegals' fees. Such an award will fulfill congressional intent and enable the Plan Trustees to recoup their actual costs.

## CONCLUSION

Based upon all the foregoing reasons and authorities, it is respectfully requested that this Court enter a default judgment in favor of the plaintiffs and against the defendant:

    (1)    In the amount of $11,562.71, plus interest thereon at the rate provided for by 28 U.S.C. §1961(a), together with the costs and disbursements of this proceeding;

    (2)    Requiring defendant to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit; and

(3)    Retaining jurisdiction to enter judgment for any and all contributions and deductions that are determined to be due as a result of the audit, plus the applicable interest thereon, liquidated damages, costs and expenses of collection, audit fees and attorneys' and paralegal fees.

DATED: August 5, 2004

BLITMAN & KING LLP

By: *Charles E. Blitman*
Charles E. Blitman, of Counsel
Bar Roll No. 653148
Attorneys for Plaintiffs
Office and Post Office Address
Franklin Center, Suite 300
443 North Franklin Street
Syracuse, New York 13204-1415
Telephone: (315) 422-7111
Facsimile: (315) 471-2623
E-mail: ceblitman@bklawyers.com

I hereby certify that a true copy of the above document was served upon the defendant, Nationwide Rock & Recycling Corp., by mail on August 5, 2004.

*Charles E. Blitman*
Charles E. Blitman, of Counsel

Ked\kah\iuoe98\nationwide-brf.doc

11