FILED

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS    WESTERN DIVISION
-------------------------------------------------------------------------------

INTERNATIONAL UNION OF OPERATING ENGINEERS )
LOCAL 98 ANNUITY FUND, PENSION FUND, HEALTH )
AND WELFARE FUND AND JOINT TRAINING, )
RETRAINING, SKILL IMPROVEMENT, SAFETY )
EDUCATION, APPRENTICESHIP AND TRAINING FUND )
by William Sullivan and David Cardimino, as Trustees; )
INTERNATIONAL UNION OF OPERATING ENGINEERS )
LOCAL NO. 98 AND EMPLOYERS COOPERATIVE TRUST, )
by William Sullivan and David Cardimino, as Trustees; CENTRAL )
PENSION FUND OF THE INTERNATIONAL UNION OF )
OPERATING ENGINEERS AND PARTICIPATING )
EMPLOYERS, by Michael R. Fanning, as Chief Executive )
Officer; and INTERNATIONAL UNION OF OPERATING )
ENGINEERS LOCAL 98, AFL-CIO, by David Cardimino, as )
Business Manager, )
)
                              Plaintiffs, )
)
        v. )
)
NATIONWIDE ROCK & RECYCLING CORP., )
)
                              Defendant. )
-------------------------------------------------------------------------------

**AFFIDAVIT IN SUPPORT**
**OF MOTION FOR**
**DEFAULT JUDGMENT**


Civil Action No.
03-30305-MAP

STATE OF NEW YORK     )
COUNTY OF ONONDAGA ) ss.:

**CHARLES E. BLITMAN,** being duly sworn, deposes and says:

1.      I am a partner in the law firm of Blitman & King LLP, attorneys for the plaintiffs in the

above-entitled action, and am fully familiar with all of the proceedings heretofore had herein.

2.      I submit this affidavit in support of plaintiffs' motion for default judgment, pursuant to

Rule 55(b)(2) of the Federal Rules of Civil Procedure, in favor of plaintiffs and against the defendant,

Nationwide Rock & Recycling Corp., in the amount of $11,562.71, plus interest thereon at the rate

provided for by 28 U.S.C. §1961(a), together with the costs and disbursements of this proceeding.

## I. **PRIOR PROCEEDINGS**

3.      This action seeks to collect monies due and owing to employee benefit plans and a union under the terms of a collective bargaining agreement and Agreements and Declarations of Trust. It is also an action arising under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §§1001 et seq.] and Section 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. §185(a)].

4.      The action was commenced on December 17, 2003, by filing a Summons and Complaint with the United States District Court, District of Massachusetts, Western Division. [A copy of the Summons and Complaint is attached hereto as Exhibit "A"].

5.      On January 14, 2004, the Summons and Complaint in this action were served on defendant Nationwide Rock & Recycling Corp., by personally delivering a copy of the same to Charles Pizzelli, as President of the Corporation, as indicated by the Affidavit of Service, which was filed with the Court. [A copy of the Affidavit of Service is attached hereto as Exhibit "B"].

6.      Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, the defendant was required to answer the Summons and Complaint within twenty (20) days after service thereof. The time within which the defendant could answer or otherwise move as to the Complaint expired on February 3, 2004.

7.      The defendant has not answered the Complaint or otherwise moved with respect thereto and the time for the defendant to answer or otherwise move has not been extended.

8.      On March 18, 2004, default of the defendant was entered for failure to appear or otherwise move as to the Complaint. [A copy of the Certificate of Entry of Default is attached hereto as Exhibit "C"].

2

## II. DEFENDANT'S OBLIGATIONS FOR DELINQUENT
## FRINGE BENEFIT CONTRIBUTIONS,
## DEDUCTIONS AND DELINQUENCY CHARGES

9.    As established by the Complaint and defendant's default, defendant was party to a
collective bargaining agreement with International Union of Operating Engineers Local 98, AFL-CIO
[hereinafter "Agreement"].  [A copy of the collective bargaining agreements which were in effect for the
relevant time period are attached hereto as Exhibit "D"].

10.    As further established by the Complaint and defendant's default, the defendant is required
to pay stipulated amounts to multi-employer plans for each hour worked by each of its employees.  The
defendant is also required to deduct from each of its employees' wages stipulated sums and pay said
amounts to the Union, representing Union dues deductions and Social Action Fund monies.  [See Exhibit
"A"].

11.    As further admitted by the defendant, if it fails to remit the monies, it is liable for payment
of the following:  (1) interest on the unpaid and untimely paid Annuity Fund, Pension Fund, Health and
Welfare Fund and Training Fund contributions, calculated at the rate of one and one half (1-½ %) per
month; plus (2) the greater of interest on the unpaid and untimely paid Annuity Fund, Pension Fund,
Health and Welfare Fund and Training Fund contributions, or liquidated damages equal to twenty percent
(20%) of those delinquent contributions; plus (3) interest on the unpaid and untimely paid Local 98
E.C.T. contributions, calculated at the rate of one and one-half percent (1-½ %) per month; plus (4) the
greater of interest on the unpaid and untimely paid Local 98 E.C.T. contributions, or liquidated damages
equal to twenty percent (20%) of those delinquent contributions; plus (5) interest on the unpaid and
untimely paid Central Pension Fund contributions, calculated at the rate of fifteen percent (15%) of those
delinquent contributions; plus (6) the greater of interest on the unpaid and untimely paid Central Pension

Fund contributions, or liquidated damages equal to fifteen percent (15%) of those delinquent contributions; plus (7) interest on the unpaid Union dues deductions and the Social Action Fund monies, calculated at the rate of nine percent (9%) per annum; plus (8) costs and fees of collection and attorneys' and paralegal fees.

12.    The interest, liquidated damages, attorneys' fees and costs, including paralegal fees, are calculated in accordance with the Agreement, 29 U.S.C. §1132(g)(2), the Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the International Union of Operating Engineers Local 98 Pension, Annuity, Health and Welfare and Training Funds' Collections Policy ["Agreements and Declarations of Trusts" and "Collections Policy"]. [Copies of the relevant portions of the Agreements and Declarations of Trusts are attached hereto as Exhibit "E" and the Collections Policy is attached hereto as Exhibit "F"].

13.    By executing the collective bargaining agreement, the defendant agreed to abide by the rules and regulations of the Funds' Board of Trustees and bound itself to the terms and conditions of the Agreements and Declarations of Trust and the Collections Policy incorporated therein by reference. [See Exhibit "D"].

14.    Under the Agreements and Declarations of Trust and Collections Policy, the defendant is liable for all auditing fees and costs incurred by the Funds. [Exhibit "E", Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Annuity Fund, p. 16; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund, p. 15; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund, p. 16; the Restated Agreement and Declaration of Trust of the Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund of the International Union of Operating Engineers Local 98, pp. 20-21; the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust, p. 22; and the Restated Agreement and Declaration of Trust of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, p. 4.

## III. DEFENDANT'S BREACH OF ITS DUTY
## AND THE AMOUNT OF MONEY DUE

A.    Obligations With Respect To Plaintiffs'
First and Second Causes Of Action

15.    The First Cause of Action of the Complaint demands judgment for $1,212.55 in deductions due to the plaintiffs for the period May 2002 through July 2002, plus the applicable interest, liquidated damages, costs and fees of collection and attorneys' fees. The Second Cause of Action of the Complaint demands judgment for $1,884.99 in interest and $2,624.17 in liquidated damages together with the costs and fees of collection and attorneys' fees and costs. [See Exhibit "A"].

16    The $1,212.55 due under the First Cause of Action is supported by remittance reports submitted by the defendant for the period May 2002 through July 2002. [Attached hereto as Exhibit "G" are copies of the remittance reports submitted by the defendant][1].

17.    Defendant has failed to pay the $1,212.55 in deductions together with the applicable interest, liquidated damages, costs and fees of collection and attorneys' fees and paralegal fees.

18.    The $1,884.99 in interest and $2,624.17 in liquidated damages due under the Second Cause of Action is due as a result of the defendant's untimely payment of $13,850.20 in contributions and deductions for the period May 2002 through July 2002.

19.    Based upon the foregoing, and excluding attorneys' fees and costs, defendant owes the sum of $5,945.58 for the period May 2002 through July 2002. The sum of $5,945.58 represents: (1) $1,212.55 in deductions; (2) $2,108.86 in interest; and (3) $2,624.17 in liquidated damages. [Copies of summaries evidencing the amounts due are attached hereto as Exhibit "H"].

20.    With respect to plaintiffs' First and Second Causes of Action, therefore, the defendant owes $5,945.58 plus attorneys' fees and costs.

B.    Obligations With Respect To Plaintiffs'
Third and Fourth Causes Of Action

21.    The Third and Fourth Causes of Action of the Complaint demand judgment against defendant requiring it to produce its books and records for the period August 2002 to date for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' fees and costs incurred in obtaining that audit. Further, these Causes of Action demand

---

[1] While the defendant has indicated that no Union dues deductions are due for the months of June 2002 and July 2002, the collective bargaining agreement executed by the defendant clearly indicates that "[u]pon notification by the Union that a uniform administrative dues deduction has been authorized by the employees of the Employer, the employer shall deduct said uniform administrative dues." See Exhibit "A", p 10.

judgment for all contributions and deductions, interest and liquidated damages determined to be due and owing as a result of the audit.

22.    As established by the Complaint and defendant's default, pursuant to the Agreement, the Trusts and Collections Policy, the defendant is obligated to permit the Funds, on demand, to check, examine and audit its books, records, papers and reports as may be necessary to permit the Funds to determine whether the defendant made full payment to the Funds in the required amount, including, but not limited to, its payroll records, time cards, accounts payable records, general ledger, cash disbursements journal, hours report, and any other records relating to hours worked by all employees, including Union, non-Union, bargaining unit and non-bargaining unit employees, of the defendant.

23.    As further admitted by the defendant, it is contractually liable to pay the cost and expense of the audit, all auditing fees, and any and all attorneys' and paralegal fees and costs incurred by the Funds in obtaining the audit.

24.    With respect to plaintiffs' Third and Fourth Causes of Action, therefore, the Court should require the defendant to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit.  Further, the Court should enter judgment against the defendant for any and all contributions and deductions that are determined to be due and owing as a result of the audit, plus the applicable interest thereon, liquidated damages and costs, attorneys' fees and paralegal fees, audit fees and expenses of collection.

# IV. ATTORNEYS' FEES AND COSTS,
## INCLUDING PARALEGAL FEES,
### AND EXPENSES

25.     In accordance with the collective bargaining agreement, the Agreements and Declarations of Trust and 29 U.S.C. §1132(g)(2), and as admitted by the defendant, the defendant is also liable for al attorneys' fees and costs incurred in collecting the debt.

26.     It is submitted that the defendant is liable for $5,617.13 in attorneys' fees and costs, including paralegal fees, and that plaintiffs are entitled to an award in that amount.  [A copy of a narrative of legal services performed by Blitman & King LLP, each of said services initialed to indicate which individual performed the same, is attached hereto as Exhibit "I"].[2]

---

[2] Charles E. Blitman, a partner of Blitman & King, LLP, is a 1966 graduate of San Jose State University with a Bachelor of Arts in Philosophy and is a 1969 graduate of the Syracuse University College of Law. Admitted to the New York Bar in 1970 and the Massachusetts bar in 2000, Mr. Blitman's experience has included practice before state and federal courts. Mr. Blitman has been associated with Blitman & King, LLP since 1969.

Jennifer A. Clark, a partner of Blitman & King LLP, is a graduate of Colgate University with a Bachelor of Arts in Economics and a cum laude graduate of Albany Law School. Admitted to the New York bar in 1982, Ms. Clark's background and experience has included practice before administrative agencies, including the National Labor Relations Board, and state and federal courts in connection with various legal actions, including numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans. Ms. Clark has been associated with Blitman & King LLP since 1981.

Kara A. Hiller, an associate of Blitman & King LLP, is a graduate of the University of Rochester with a Bachelor of Arts in Political Science and Philosophy and a graduate of Syracuse University College of Law. Ms. Hiller was admitted to the New York bar in 2001. Prior to joining Blitman & King LLP in September 2002, Ms. Hiller worked for Sonneborn, Spring, O'Sullivan & Zenzel, P.C. for one year.

Kristine E. Desimone has worked as a legal secretary since 1992 and has been employed by Blitman & King LLP in a clerical/paralegal capacity since 1996. Her experience has included assisting on numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.

Jessica L. Ratkowski has worked as a legal secretary since 2000 and has been employed by Blitman & King LLP in a clerical/paralegal capacity since 2004. Her experience has included assisting on numerous actions under ERISA to collect delinquent fringe benefit contributions owed to employee benefit plans.

8

27.     The attorney and paralegal hours expended in this case were required by:  (1) the defendant's failure to timely remit fringe benefit contributions and deductions; (2) the defendant's failure to appear in this action; and (3) the defendant's refusal to cooperate with the plaintiffs in connection with the satisfaction of this debt.

28.     In addition to the attorney and paralegal hours expended in this case, costs and disbursements in the amount of $476.93 have been incurred in connection with collection of the delinquent fringe benefit contributions, deductions, interest and liquidated damages. [See Exhibit "I"].

29.     Based upon the experience, reputation and ability of the persons handling this matter, the time and labor required, the cost to the plaintiffs and the delinquency involved, it is submitted that reasonable attorneys' fees and costs, including paralegal fees, amount to $5,617.13, representing $5,140.20 in attorneys' and paralegal fees, and $476.93 in costs and disbursements.

30.     Defendant, Nationwide Rock & Recycling Corp., therefore, is indebted to the plaintiffs in the sum of $11,562.71, to wit, $1,212.55, plus $2,108.86, plus $2,624.17, plus $5,617.13.

31.     No previous application has been made for the relief sought herein.

**WHEREFORE**, deponent requests that this Court enter a default judgment for plaintiffs and against the defendant, Nationwide Rock & Recycling Corp., in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure:

(1)     In the amount of $11,562.71, plus interest thereon at the rate provided for by 28 U.S.C. §1961(a), together with the costs and disbursements of this proceeding;

(2)     Requiring defendant to produce its books and records for plaintiffs' review and audit, to pay the cost and expense of such audit, to pay all auditing fees, and to pay all attorneys' and paralegal fees and costs incurred in obtaining that audit; and

(3)    Retaining jurisdiction to enter judgment for any and all
        contributions and deductions that are determined to be due
        as a result of the audit, plus the applicable interest thereon,
        liquidated damages, costs and expenses of collection, audit
        fees and attorneys' and paralegal fees.


_Charles E. Blitman_
CHARLES E. BLITMAN

Sworn to before me this
5th day of August, 2004.

_Kara A. Hiller_
Notary Public

KARA A. HILLER
Notary Public, State of New York
No. 02HI6063445
Qualified in Onondaga County
Commission Expires Aug. 27, 20 05

I hereby certify that a true copy of the
above document was served upon the
defendant, Nationwide Rock & Recycling Corp.,
by mail on August 5, 2004.

_Charles E. Blitman_
Charles E. Blitman, of Counsel

Ked:kh:iuoe98\nationwide-ceb-aff.doc

10