be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

(c)  Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. The Association or any other employers association shall not be responsible for the contributions, payments or other obligations of any other Employer, or otherwise.

(d)  Work Outside Jurisdiction.  In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 2.  Receipt of Payment and Other Property of Trust. The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees.  The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 3.  Collection and Enforcement of Payments.  The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement.  They shall take such steps, including the institution

and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4. <u>Production of Records</u>. Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 5. The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees) and of other costs and expenses (such, as without limitation, interest, attorneys' fees, filing fees and cost of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

Section 6. Non-payment, by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Trust in accordance with law, assist in the collection of contributions required to be paid to the Trust Fund by Employers and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Administrative Manager shall be the custodian on behalf of the Trustees of all documents and other records of the Trustees and of the Trust Fund.

Section 9.  By-Laws, Rules and Regulations.

(a)  The Trustees are hereby empowered and authorized to adopt by-laws and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are not inconsistent with the terms of this Trust Agreement.  All by-laws, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund and all persons claiming any benefits hereunder.

(b)  No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article III, Section 13 of this Agreement, shall in any manner conflict or be inconsistent (1) with any provision of the applicable current collective bargaining agreement in effect, or which may be made, between the Association and the Union, (2) with this Trust Agreement and (3) with any applicable Federal, State of local law.

Section 10.  Additional Authority.  The Trustees are hereby empowered, in addition to such other powers as are

-22-

but they shall be entitled to reimbursement for the expenses properly and actually incurred in the performance of their duties with the Trust Fund, including, without limitation, attendance at meetings and other functions of the Board of Trustees or its committees or while on business of the Board of Trustees, attendance at institutes, seminars, conferences or workshops for or on behalf of the Trust Fund.

Section 16.   Reports.   All reports required by law to be signed by one or more Trustees shall be signed by all of the Trustees, provided that all of the Trustees may appoint in writing, or by resolution adopted and spread on the minutes, one or more of their members to sign such report on behalf of the Trustees.

Section 17.   Records of Trustee Transactions.   The Trustees shall keep true and accurate books of account and a record of all of their transactions and meetings (including actions taken at such meetings and by informal action of the Trustees), which records and books shall be audited at least annually by a certified public accountant.   A copy of each audit report shall be furnished both to the Association and the Union and shall be available for inspection by interested persons at the principal office of the Trustees and the respective offices of the Association and the Union.

Section 18.   Construction and Determinations by Trustees. Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority to determine all questions of coverage and eligibility, methods of providing or arranging for benefits and all other related matters.   They shall have full power to construe the provisions of this Agreement, the terms used herein and the by-laws and regulations issued thereunder.

-25-

Any such determination and any such construction adopted by
the Trustees in good faith shall be binding upon all of the
parties hereto and the Beneficiaries hereof.  No matter
respecting the foregoing or any difference arising thereunder
or any matter involved in or arising under this Trust Agreement
shall be subject to the grievance or arbitration procedure
established in any collective bargaining agreement between
the Association and the Union, provided, however, that this
clause shall not affect the rights and liabilities of any of
the parties under any of such collective bargaining agreements.

Section 19.  _Liability_.  The Trustees, to the extent per-
mitted by applicable law, shall incur no liability in acting
upon any instrument, application, notice, request, signed
letter, telegram or other paper or document believed by them
to be genuine and to contain a true statement of facts,
and to be signed by the proper person.

Section 20.  _Reliance on Written Instruments_.  Any Trustee,
to the extent permitted by applicable law, may rely upon any
instrument in writing purporting to have been signed by a
majority of the Trustees as conclusive evidence of the fact
that a majority of the Trustees have taken the action stated
to have been taken in such instrument.

Section 21.  _Reliance by Others_.  No party dealing with
the Trustees shall be obligated (a) to see the application
to the stated Trust purposes, of any funds or property of the
Trust Fund or (b) to see that the terms of this Trust Agree-
ment have been complied with or (c) to inquire into the neces-
sity or expediency of any act of the Trustees.  Every instru-
ment executed by the Trustees shall be conclusive evidence
in favor of every person relying thereon (a) that at the
time of the execution of said instrument, the Trust was in

-26-

Section 11. Article and Section Titles. The Article and Section titles are included solely for convenience and shall, in no event, be construed to affect or modify any part of the provisions of this Trust Agreement or be construed as part thereof.

## ARTICLE X

### VESTING OF RIGHTS

The Trustees shall establish standards for vesting of benefits which conform to no less than the minimum standards required by law. No Participant, Beneficiary or Employee or other person shall have any vested interest or right in the Trust Fund except as provided by the Trustees in conformance with the law.

The Chairman Trustee and the Secretary Trustee may execute any certificate or document jointly on behalf of the Trustees and such execution shall be deemed execution by all the Trustees. All persons having dealings with the Fund or with the Trustees shall be fully protected in reliance placed on such duly executed document.

IN WITNESS WHEREOF, the Trustees have caused this Restated Agreement and Declaration of Trust to be executed this second day of _____ January _____, 19_76_.

UNION TRUSTEES

E. Robert Bousquet, Sec. Treas.
Pine Crest Circle
~~Holyoke, Mass.  01040~~
Ware, Mass.  01082

Robert E. Clark
25 So. Summit Street
Essex Jct., Vermont   05452

EMPLOYER TRUSTEES

William F. Schlow, Chairman
480 Hampden Street
~~Ware, Mass.  01082~~ Holyoke, Mass.   01040

Paul J. Collins
Pine Knoll
Warner, New Hampshire   03278

-35-

UNION TRUSTEES

Harland W. Eaton
Eaton Hill Road
Auburn, New Hampshire   03232

Paul R. Mullen
272 Kibbe Road
East Longmeadow, Mass.   01028

EMPLOYER TRUSTEES

Charles V. Wright
54 Oak Hollow Road
Springfield, Mass.   01100

Earl H. Harris, Jr.
340 Glendale Road
Hampden, Mass.   01036

AMENDMENT TO THE RESTATED AGREEMENT AND DECLARATION OF TRUST
OF THE LOCAL 98 INTERNATIONAL UNION OF OPERATING ENGINEERS PENSION FUND
OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO

In accordance with the provisions of Article IX, Section 10, of
Restated Agreement and Declaration of Trust of the Local 98 Interna-
tional Union of Operating Engineers Pension Fund of the International
Union of Operating Engineers, AFL-CIO, and at a duly held and regu-
larly constituted meeting of the Board of Trustees on the _24th_ day of
_MARCH_ , 19_81_, at which a quorum of Trustees was present, Article
_IV_ is hereby amended by adding the following language which shall
read as follows:

Section 7. In the event that the Fund commences a civil action
under ERISA Section 502(g)(2) to recover delinquent employer con-
tributions, the delinquent employer shall be required to pay
interest on the unpaid contributions at the rate of two percent
(2%) per month, commencing with the date when such contributions
were payable to the Fund pursuant to the applicable Collective
Bargaining Agreement. The delinquent employer shall also be
required to pay liquidated damages of twenty percent (20%) of the
unpaid contributions, pursuant to ERISA Section 502(g)(2)(C)(ii).

Notwithstanding the above provisions which apply if a civil action
is commenced, nothing shall prohibit the Fund from applying and
collecting such other rates of interest and/or liquidated damages
in connection with the collection of unpaid contributions due and
owing to the Fund, in the event that no such civil action is
commenced.

This amendment shall be effective _March 24_ , 19_81_.

EMPLOYER TRUSTEES:                          UNION TRUSTEES:

_Norman C. Weaver_  Chmn.         _E. Robert Bousquet, Secretary_

_James J. Moore_                  _John E. Clark_

_Earle W. Harris Jr._            _Harland Eaton_

INTERNATIONAL UNION OF OPERATING ENGINEERS

LOCAL 98 PENSION FUND

RESTATED AGREEMENT AND DECLARATION OF TRUST

<u>Amendment</u>

Pursuant to Article IX, Section 10, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund is hereby amended by deleting the provisions of Article V, Section 18 in their entirety and substituting the following in lieu thereof:

<u>Section 18.</u>   <u>Construction and Determinations by Trustees</u>.

Notwithstanding any other provision of this Trust Agreement, the Board of Trustees, or their designee, shall have exclusive authority and discretion to:

(a)   Determine whether an individual is eligible for any benefits under the Pension Plan;

(b)   Determine the amount of benefits, if any, an individual is entitled to from the Pension Plan;

(c)   Determine or find facts that are relevant to any claim for benefits from the Pension Plan;

(d)   Interpret all of the Pension Plan's provisions;

(e)   Interpret all of the provisions of the Summary Plan Description booklet;

(f)   Interpret the provisions of any Collective Bargaining Agreement or written Participation Agreement involving or impacting the Pension Plan;

(g)   Interpret the provisions of the Trust Agreement governing the operation of the Pension Plan;

(h)   Interpret all the provisions of any other document or instrument involving or impacting the Pension Plan; and

(i)    Interpret all of the terms used in the Pension Plan,
       the Summary Plan Description booklet, and all of the
       other previously mentioned agreements, documents, and
       instruments.

All such determinations and interpretations made by the
Trustees, or their designee:  shall be final and binding upon
any individual claiming benefits under the Plan and upon all
Employees, all Employers, the Union, and any party who has
executed any agreement with the Trustees or the Union; shall be
given deference in all courts of law, to the greatest extent
allowed by applicable law; and, shall not be overturned or set
aside by any court of law unless the court finds that the
Trustees, or their designee, abused their discretion in making
such determination or rendering such interpretation.

THIS IS TO CERTIFY that the above Amendment was adopted by the

Board of Trustees of the International Union of Operating Engineers

Local 98 Pension Fund on the _23rd_ day of _March_ , 199_3_, to be

effective as of the _23rd_ day of _March_, 199_3_.

DATED:  _3/23/93_

EMPLOYER TRUSTEES:                    UNION TRUSTEES:

_____              _____
_William Sullivan_                   _____
_____              _____

SPG:sef
sef\spg\iuoe98p2.amd

2

## RESTATED AGREEMENT AND DECLARATION OF TRUST OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 PENSION FUND

### Amendment

Pursuant to Article IX, Section 10, of the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Pension Fund ("Fund"), the Trustees of the International Union of Operating Engineers Local 98 Pension Fund ("Fund") hereby amend said Restated Agreement and Declaration of Trust as follows:

I.

Article IV, 'CONTRIBUTIONS AND COLLECTIONS," is revised in Section 2 by the addition of the language shown in bold italics, so that said Section 2 provides the following in its entirety:

> "Section 2.  Receipt of Payment and Other Property of Trust.
> The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same. *Title to all the monies paid into and/or due and owing to the Fund shall be vested in and remain exclusively in the Trustees of the Fund; outstanding and withheld contributions constitute Plan assets.*"

II.

Article IV is further revised by the addition of the following Section 8:

> "Section 8.  <u>Effect of Employer's Failure to Maintain</u>
> <u>Records</u>.
> In the event the Employer does not maintain or otherwise
> does not have in its possession records of the number of
> hours worked by each Employee, the Employer agrees that
> in order to determine the number of hours for which
> contributions are required to be submitted to the designated
> Fund, the Employee's gross wages shall be divided by the
> applicable hourly wage rate set forth in the collective
> bargaining agreement for the Employee's job classification,
> which classification shall be determined by the Union
> and/or the Trustees."

THIS IS TO CERTIFY that the above Amendment was adopted by the Board of

Trustees of the International Union of Operating Engineers Local 98 Pension Fund on the

_23rd_ day of _March_ , _2004_, to be effective as of the _23rd_ day of

_March_ , _2004_.

Dated:   _3-23-04_                                  _Daniel G. Cardaropoli_
                                                    Union Trustee

Dated:   _3/23/04_                                  _William J. Sullivan_
                                                    Employer Trustee

etl\jcs\amend\IUOE 98 PF Trust - Collections

2

RESTATED AGREEMENT AND DECLARATION OF TRUST

INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 98 HEALTH AND WELFARE FUND

WHEREAS, there has heretofore been entered into an Agreement and Declaration of Trust, effective March 19, 1959, by and between the Labor Policy Division, Construction Industry Association of Western Massachusetts, Inc. of 1255 Westfield Street, West Springfield, Massachusetts, and Labor Relations Division of the Construction Industries of Massachusetts of 1300A Worcester Road, Framingham Center, Massachusetts, the Area Contractors of New Hampshire and Vermont who are not members of the aforesaid Associations; together with all such other Employers who may now or hereafter become parties to this Plan (hereinafter referred to as "Employers") and Local 98, International Union of Operating Engineers, AFL-CIO of East Longmeadow, Massachusetts (hereinafter referred to as the "Union"); and

WHEREAS, said Agreement and Declaration of Trust has heretofore been amended; and

WHEREAS, under Article X, Section 1 of said Agreement and Declaration of Trust, the Trustees have the power and authority to amend such Agreement and Declaration of Trust from time to time as therein provided; and

WHEREAS, it is determined to be desirable to amend said Agreement and Declaration of Trust and to restate the same so as to incorporate therein all of the amendments adopted heretofore or as part of this restatement;

NOW, THEREFORE, the Trustees, designated and in office, as such, have executed this Restated Agreement and Declaration of Trust as indicating their acceptance of the respective duties imposed upon them as Trustees under the terms of this Agreement; and

Section 14.   Removal of Trustee (Violation of Act).   The Board of Trustees shall initiate action to cause the removal of any fellow member Trustee who may be serving as a Trustee in violation of the Act.   The vacancy or vacancies caused by such a removal shall be filled in accordance with Section 3 of this Article.

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 1.   Employer Contributions.

(a)   Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union.   An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees.   The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)   Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the International Union of Operating Engineers Local 98 Health and Welfare Fund.   The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or as may be provided in the applicable collective bargaining agreement.

-13-

(c)  Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. The Association or any other employers association shall not be responsible for the contributions, payments or other obligations of any other Employer, or otherwise.

(d)  <u>Work Outside Jurisdiction</u>.  In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 2.  <u>Employee Contributions</u>.  Participants (i) who cease to perform work for an Employer for which work employer contributions were required to be paid to this Fund as provided in Section 1 of this Article and (ii) who, at the time they last performed such work, had been eligible and qualified to receive benefits under the plan of benefits established by the Trustees under this Fund and (iii) who are members of such a class of such Participants as to whom the Trustees, consistent with applicable law, have in their sole discretion determined to provide continued eligibility for benefits of such type and amount and for such period of time and on such terms as the Trustees in their discretion may wish to make available to such class, shall make periodic contributions or payments to the Trust Fund in such amounts and at such times and subject to such conditions, requirements, limitations and rules as the Trustees in their sole discretion may establish and impose with respect to such class of such Participants.

Section 3.  <u>Receipt of Payment and Other Property of Trust</u>. The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 3 of Article

-14-

V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 4. <u>Collection and Enforcement of Payments</u>. The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Administrative Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 5. <u>Production of Records</u>. Each Employer shall promptly furnish to the Trustees, on demand, the names of his Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment and payroll records of each Employer at the Employer's place of business whenever such examination is deemed necessary

-15-

or advisable by the Trustees in connection with the proper administration of the Trust Fund.  The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status.

Section 6.  The Trustees may require the payment by Employers of liquidated damages (as provided in the applicable collective bargaining agreement or provided in a schedule established by the Trustees) and of other costs and expenses (such, as without limitation, interest, attorneys' fees, filing fees and cost of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

Section 7.  Non-payment, by any Employer, of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

ARTICLE V

POWERS AND DUTIES OF TRUSTEES

Section 1.  Conduct of Trust Business.  The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with this Trust Agreement and applicable law.  The Trustees shall hold, manage and protect the Trust Fund and collect the income therefrom and contributions thereto. The Trustees may, in the course of conducting the business of the Trust, execute all instruments in the name of the International Union of Operating Engineers Local 98 Health and Welfare Fund, which instruments shall be signed by at least one Employer and one Employee Trustee, provided, however, any one Trustee may execute legal documents to commence and process law suits to enforce trust collections on behalf of the Trustees.

-16-

Section 8.  <u>Administrative Manager</u>.  The Trustees may
employ or contract for the services of an individual, firm
or corporation, to be known as "Administrative Manager", who
shall, under the direction of the Trustees or under the
direction of any appropriate committee of the Trustees, admini-
ster the office or offices of the Trust Fund and of the Trustees,
coordinate and administer the accounting, bookkeeping and
clerical services, provide for the coordination of actuarial
services furnished by the consulting actuary, prepare (in
cooperation where appropriate with the consulting actuary and
independent auditor) all reports and other documents to be
prepared, filed or disseminated by or on behalf of the Trust
in accordance with law, assist in the collection of contri-
butions required to be paid to the Trust Fund by Employers
and perform such other duties and furnish such other services
as may be assigned, delegated or directed or as may be con-
tracted by or on behalf of the Trustees.  The Administrative
Manager shall be the custodian on behalf of the Trustees of
all documents and other records of the Trustees and of the
Trust Fund.

Section 9.  <u>By-Laws, Rules and Regulations</u>.

(a)  The Trustees are hereby empowered and authorized
to adopt by-laws and to promulgate any and all necessary rules
and regulations which they deem necessary or desirable to
facilitate the proper administration of the Trust Fund, pro-
vided the same are not inconsistent with the terms of this
Trust Agreement.  All by-laws, rules and regulations adopted
by action of the Trustees shall be binding upon all parties
hereto, all parties dealing with the Trust Fund and all per-
sons claiming any benefits hereunder.

(b)  The Trustees shall, by the affirmative vote of

-24-

at least two (2) Employer Trustees and two (2) Employee Trustees, adopt by-laws, rules or regulations in respect to eligibility of Participants and Beneficiaries for the benefits herein provided, which by-laws, rules or regulations may, by the above-specified vote, be changed and modified from time to time in such manner and to such extent as the Trustees may deem expedient and necessary in the proper administration of the Trust Fund.

(c)  No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article III, Section 13 of this Agreement, shall in any manner conflict or be inconsistent (1) with any provision of the applicable current collective bargaining agreement in effect, or which may be made, between the Association and the Union, (2) with this Trust Agreement and (3) with any applicable Federal, State of local law.

Section 10.  <u>Additional Authority</u>.  The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law,

(a)  to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Trust Fund, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the Participants involved;

(b)  to keep property and securities registered in the names of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)  to establish and accumulate as part of the

-25-

record of all of their transactions and meetings (including
actions taken at such meetings and by informal action of the
Trustees), which records and books shall be audited at least
annually by a certified public accountant. A copy of each audit
report shall be furnished both to the Association and the Union
and shall be available for inspection by interested persons at
the principal office of the Trustees and the respective offices
of the Association and the Union.

Section 18.  <u>Construction and Determinations by Trustees</u>.
Subject to the stated purposes of the Fund and the provisions
of this Agreement, the Trustees shall have full and exclusive
authority to determine all questions of coverage and eligi-
bility, methods of providing or arranging for benefits and
all other related matters.  They shall have full power to
construe the provisions of this Agreement, the terms used
herein and the by-laws and regulations issued thereunder.
Any such determination and any such construction adopted by the
Trustees in good faith shall be binding upon all of the parties
hereto and the Beneficiaries hereof.  No matter respecting the
foregoing or any difference arising thereunder or any matter
involved in or arising under this Trust Agreement shall be
subject to the grievance or arbitration procedure established in
any collective bargaining agreement between the Association and
the Union, provided, however, that this clause shall not affect
the rights and liabilities of any of the parties under any of
such collective bargaining agreements.

Section 19.  <u>Liability</u>.  The Trustees, to the extent per-
mitted by applicable law, shall incur no liability in acting upon
any instrument, application, notice, request, signed letter,
telegram or other paper or document believed by them to be genuine
and to contain a true statement of acts, and to be signed by the
proper person.

-28-

shall be fully protected in reliance placed on such duly executed document.

IN WITNESS WHEREOF, the Trustees, the Association and the ___Board of Trustees_____ have caused this Restated Agreement and Declaration of Trust to be executed this _second_ day of ___January_____ , 19_75_.

UNION TRUSTEES                                EMPLOYER TRUSTEES

_E. Robert Bousquet_____                  _William F. Schlow_____
E. Robert Bousquet, Sec. Treas.               William F. Schlow, Chairman
Pine Crest Circle                             480 Hampden Street
Ware, Mass.  01082                            Holyoke, Mass.  01040

_Robert E. Clark_____                   _Paul J. Collins_____
Robert E. Clark                               Paul J. Collins
25 So. Summit Street                          Pine Knoll
Essex Jct., Vermont   05452                   Warner, New Hampshire  03278

_Harland W. Eaton_____                   _Charles V. Wright_____
Harland W. Eaton                              Charles V. Wright
Eaton Hill Road                               54 Oak Hollow Road
Auburn, New Hampshire   03232                 Springfield, Mass.   01106

_Paul R. Mullen_____                   _Earl H. Harris, Jr._____
Paul R. Mullen                                Earl H. Harris, Jr.
272 Kibbe Road                                340 Glendale Road
East Longmeadow, Mass.  01028                 Hampden, Mass.  01036

-37-