INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 98 HEALTH AND WELFARE FUND

RESTATED AGREEMENT AND DECLARATION OF TRUST

AMENDMENT

Pursuant to Article IX, Section 10, the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund is hereby amended by deleting the provisions of Article V, Section 18 in their entirety and substituting the following in lieu thereof:

Section 18. Construction and Determinations by Trustees.

Notwithstanding any of the provisions of this Trust Agreement, the Board of Trustees, or their designee, shall have exclusive authority and discretion to:

(a) Determine whether an individual is eligible for any benefits under the Health and Welfare Plan;

(b) Determine the amount of benefits, if any, an individual is entitled to from the Health and Welfare Plan;

(c) Interpret or find facts that are relevant to any claim for benefits from the Health and Welfare Plan;

(d) Interpret all of the Health and Welfare Plan's provisions;

(e) Interpret all of the provisions of the Summary Plan Description booklet;

(f) Interpret the provisions of any Collective Bargaining Agreement or written Participation Agreement involving or impacting the Health and Welfare Plan;

(g) Interpret the provisions of the Trust Agreement governing the operation of the Health and Welfare Plan;

(h) Interpret all the provisions of any other document or instrument involving or impacting the Health and Welfare Plan; and

(i) Interpret all of the terms used in the Health and Welfare Plan, the Summary Plan Description booklet, and all other previously mentioned agreements, documents, and instruments.

All such determinations and interpretations made by the Trustees, or their designee: shall be final and binding upon any individual claiming benefits under the Health and Welfare Plan and upon all Employees, all Employers, the Union, and any party who has executed any agreement with the Trustees or the Union; shall be given deference in all courts of law, to the greatest extent allowed by applicable law; and, shall not be overturned or set aside by any court of law unless the court finds that the Trustees, or their designee, abused their discretion in making such determination or rendering such interpretation.

THIS IS TO CERTIFY that the above Amendment was adopted by the Board of Trustees of the International Union of Operating Engineers Local 98 Health and Welfare Fund on the 23rd day of March, 1993 to be effective as of the 23rd day of March, 1993.

DATED: 3/23/93

**EMPLOYER TRUSTEES:**

[signature]

William Sullivan

[signature]

**UNION TRUSTEES:**

John J. Richard

Thomas Young

Christopher Clark

SPG:sef
sef\spg\iuoehw.amd

**RESTATED AGREEMENT AND DECLARATION OF TRUST OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 98 HEALTH AND WELFARE FUND**

**Amendment**

Pursuant to Article IX, Section 10, of the Restated Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 Health and Welfare Fund ("Fund"), the Trustees of the International Union of Operating Engineers Local 98 Health and Welfare Fund ("Fund") hereby amend said Restated Agreement and Declaration of Trust as follows:

I.

Article IV, 'CONTRIBUTIONS AND COLLECTIONS," is revised in Section 3 by the addition of the language shown in bold italics, so that said Section 3 provides the following in its entirety:

> "Section 3. Receipt of Payment and Other Property of Trust.
> The Trustees or such other person or entity designated or appointed by the Trustees in accordance with Section 3 of Article V are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same. ***Title to all the monies paid into and/or due and owing to the Fund shall be vested in and remain exclusively in the Trustees of the Fund; outstanding and withheld contributions constitute Plan assets."***

II.

Article IV is further revised by the addition of the following Section 8:

> "Section 8. <u>Effect of Employer's Failure to Maintain Records</u>.
> In the event the Employer does not maintain or otherwise does not have in its possession records of the number of hours worked by each Employee, the Employer agrees that in order to determine the number of hours for which contributions are required to be submitted to the designated Fund, the Employee's gross wages shall be divided by the applicable hourly wage rate set forth in the collective bargaining agreement for the Employee's job classification, which classification shall be determined by the Union and/or the Trustees."

THIS IS TO CERTIFY that the above Amendment was adopted by the Board of Trustees of the International Union of Operating Engineers Local 98 Health and Welfare Fund on the 23rd day of March, 2004, to be effective as of the 23rd day of March, 2004.

Dated: 3-23-04 — Daniel A. Cardinino
Union Trustee

Dated: 3/23/04 — William J. Sullivan
Employer Trustee

etl\jcs\amend\IUOE 98 HWF Trust - Collections

# RESTATED AGREEMENT AND DECLARATION OF TRUST

of the

# LOCAL 98 ENGINEERS JOINT TRAINING, RETRAINING, SKILL IMPROVEMENT, SAFETY EDUCATION, APPRENTICESHIP AND TRAINING FUND

RESTATED AGREEMENT AND DECLARATION OF TRUST

of the

LOCAL 98 ENGINEERS JOINT TRAINING, RETRAINING, SKILL IMPROVEMENT, SAFETY EDUCATION, APPRENTICESHIP AND TRAINING FUND

Table of Contents

Section | | Page

ARTICLE I
DEFINITIONS

| Section | Title | Page |
|---|---|---|
| Section 1. | Employer | 3 |
| Section 2. | Local Union or Union | 5 |
| Section 3. | Employee | 5 |
| Section 4. | Participant | 6 |
| Section 5. | Trustees | 6 |
| Section 6. | Trust Fund | 6 |
| Section 7. | Trust Agreement | 7 |
| Section 8. | Act of ERISA | 7 |
| Section 9. | Training Plan | 7 |
| Section 10. | Association | 7 |

ARTICLE II
CREATION AND PURPOSES OF FUND

| Section | Title | Page |
|---|---|---|
| Section 1. | Creation | 8 |
| Section 2. | Purposes of the Fund | 8 |

ARTICLE III
TRUSTEES

| Section | Title | Page |
|---|---|---|
| Section 1. | Number | 9 |
| Section 2. | Acceptance of Trusteeship | 10 |
| Section 3. | Term of Trustees | 10 |
| Section 4. | Vacancies | 11 |
| Section 5. | Form of Notification | 11 |
| Section 6. | Successor Trustee, Assumption of Office | 11 |
| Section 7. | Limitation of Liability of Trustees | 11 |
| Section 8. | Office of the Fund | 12 |
| Section 9. | Officers | 12 |
| Section 10. | Power to Act in Case of Vacancy | 13 |
| Section 11. | Meetings; Notices | 13 |
| Section 12. | Attendance at Meetings; Minutes | 13 |
| Section 13. | Quorum; Voting; Action without Meeting | 14 |
| Section 14. | Manner of Acting in the Event of Deadlock | 15 |
| Section 15. | Removal of Trustee (Violation of Act) | 16 |
| Section 16. | Plan Indemnification of Exonerated Fiduciary | 16 |

ARTICLE IV
CONTRIBUTIONS AND COLLECTIONS


| | | |
|---|---|---|
| Section 1. | Employer Contributions . . . . . . . . . . . . . | 17 |
| Section 2. | Receipt of Payment and Other Property of Trust . . . . . . . . . . . . . . . . . . | 19 |
| Section 3. | Collection and Enforcement of Payments . . . | 19 |
| Section 4. | Production of Records . . . . . . . . . . . . | 20 |
| Section 5. | Delinquent Contributions; Expenses of Collection . . . . . . . . . . . . . . . . . . | 20 |
| Section 6. | Non-Payment by an Employer; Others Still Obligated . . . . . . . . . . . . . . . | 21 |
| Section 7. | Effect of this Trust Agreement . . . . . . . . | 21 |


ARTICLE V
POWERS AND DUTIES OF TRUSTEES


| | | |
|---|---|---|
| Section 1. | Conduct of Trust Business . . . . . . . . . . | 21 |
| Section 2. | Use of Fund for Expenses . . . . . . . . . . | 22 |
| Section 3. | Use of Fund to Provide Benefits . . . . . . . | 22 |
| Section 4. | Investments . . . . . . . . . . . . . . . . . . | 23 |
| Section 5. | Deposits and Disbursements . . . . . . . . . | 24 |
| Section 6. | Allocation and Delegation of Fiduciary Responsibilities . . . . . . . . . . . . . . | 25 |
| Section 7. | Fund Manager . . . . . . . . . . . . . . . . . | 25 |
| Section 8. | By-Laws, Rules and Regulations . . . . . . . | 26 |
| Section 9. | Additional Authority . . . . . . . . . . . . . | 26 |
| Section 10. | Bonds . . . . . . . . . . . . . . . . . . . . . | 27 |
| Section 11. | Insurance . . . . . . . . . . . . . . . . . . . | 28 |
| Section 12. | Information to Participants and Beneficiaries . . . . . . . . . . . . . . . . | 28 |
| Section 13. | Accountants . . . . . . . . . . . . . . . . . . | 28 |
| Section 14. | Trustees to Act without Compensation . . . . | 28 |
| Section 15. | Reports . . . . . . . . . . . . . . . . . . . . | 29 |
| Section 16. | Records of Trustees Transactions . . . . . . | 29 |
| Section 17. | Liability . . . . . . . . . . . . . . . . . . . | 29 |
| Section 18. | Reliance on Written Instruments . . . . . . . | 30 |
| Section 19. | Reliance by Others . . . . . . . . . . . . . . | 30 |
| Section 20. | Discharge of Liability . . . . . . . . . . . . | 30 |
| Section 21. | Establishment of Training Plan . . . . . . . | 31 |
| Section 22. | Establishment of Claims Appeal Procedure. . . | 31 |
| Section 23. | Plan Interpretations and Determinations . . . | 32 |
| Section 24. | Amendment of Plan . . . . . . . . . . . . . . | 34 |
| Section 25. | Attendance at Educational Seminars or Conferences . . . . . . . . . . . . . . . . | 34 |

SECTION VI
CONTROVERSIES AND DISPUTES


Section 1. Reliance on Records . . . . . . . . . . . . . . 35
Section 2. Submission to Trustees . . . . . . . . . . . . 35
Section 3. Settling Disputes . . . . . . . . . . . . . . 36


ARTICLE VII
BENEFICIAL RIGHTS


Section 1. No Right, Title, or Interest . . . . . . . . . 36
Section 2. Assignment Prohibited . . . . . . . . . . . . 36
Section 3. Inurement Prohibited; Mistaken Contributions . . . . . . . . . . . 37


ARTICLE VIII
ADDITIONAL PARTIES


Section 1. Additional Employers . . . . . . . . . . . . . 37
Section 2. Mergers . . . . . . . . . . . . . . . . . . . . 37


ARTICLE IX
AMENDMENTS


Section 1. Trust Agreement . . . . . . . . . . . . . . . 38
Section 2. Compliance with ERISA . . . . . . . . . . . . 38


ARTICLE X
TERMINATION OF TRUST

ARTICLE XI
CONSTRUCTION OF TRUST

ARTICLE XII
MISCELLANEOUS


Section 1. Trustee Powers After Termination . . . . . . . 39
Section 2. Counterparts . . . . . . . . . . . . . . . . . 39
Section 3. Enforceability of Trust Provisions . . . . . . 39
Section 4. Prohibited Activities. . . . . . . . . . . . . 39
Section 5. Designee for Service of Process . . . . . . . 40

# RESTATED AGREEMENT AND DECLARATION OF TRUST

of the

# LOCAL 98 ENGINEERS JOINT TRAINING, RETRAINING, SKILL IMPROVEMENT, SAFETY EDUCATION, APPRENTICESHIP AND TRAINING FUND

WHEREAS, there has heretofore been entered into an Agreement and Declaration of Trust, effective October 6, 1981, by and between the BUILDING TRADES EMPLOYERS ASSOCIATIONS OF WESTERN MASSACHUSETTS, INC.; the MASSACHUSETTS LABOR RELATIONS DIVISION OF THE NEW ENGLAND ROAD BUILDERS ASSOCIATION; the AREA CONTRACTORS OF NEW HAMPSHIRE AND VERMONT (hereinafter referred to as the "Associations"); together with such other Associations and/or Employers who may now or hereinafter become parties to the collective bargaining agreements with the Union (hereinafter referred to as "Employers"), and LOCAL UNION 98 of the INTERNATIONAL UNION OF OPERATING ENGINEERS (hereinafter referred to as the "Union"); and all the respective "Union Trustees" and "Employer Trustees", which the Agreement and Declaration of Trust created a Training Fund as herein provided; and

WHEREAS, said Agreement and Declaration of Trust has heretofore been amended; and

WHEREAS, under Article X, Section 1, of said Agreement and Declaration of Trust, the Trustees have the power and authority to amend such Agreement and Declaration of Trust from time to time as therein provided; and

Fund's fiduciary liability insurance coverage policy. "Covered Fiduciary" means any present or former Trustee of the Fund and any present or former Manager of the Fund who, at times relevant to the Breach Litigation, was and/or is an alleged or actual "fiduciary" relative to the Fund (as defined in ERISA). "Reasonable Litigation Costs" means the reasonable cost of appropriate legal representation of a Covered Fiduciary in Breach Litigation. "Breach Litigation" means one or more criminal or civil litigation claims (other than a claim that a Covered Fiduciary violated ERISA in a denial of a claim for benefits from the fund), asserted by the U.S. Secretary of Labor or by any "participant", "beneficiary", or "fiduciary" of the Fund (as those terms are defined in ERISA) against a Covered Fiduciary in a pleading filed in a civil or criminal action, which allege(s) that the Covered Fiduciary breached a fiduciary responsibility imposed upon him by ERISA and/or the Internal Revenue Code, or otherwise acted improperly in the performance of his duties with respect to the Fund.

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 1. Employer Contributions.

(a) Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to

make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees. The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b) Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of Local 98 Engineers Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship, and Training Fund. The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or, if the Trustees so elect, as may be provided in the applicable collective bargaining agreement.

(c) Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him, except as may be otherwise provided by law. The Employer shall not be responsible for the contributions, payments or other obligations of any other Employer, or otherwise. For the purpose of computing the said contributions, all fractional hours of 1/2 or more should be considered an additional hour. Otherwise such fractional hours should be cancelled.

d) In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 2. Receipt of Payment and Other Property of Trust.

The Trustees or such other person or entity designated or appointed by the Trustees are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 3. Collection and Enforcement of Payments.

The Trustees, or such committee of the Trustees as the Board of Trustees shall appoint, or the Fund Manager if one has been appointed and when directed by such committee or by the Board of Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the rights of the Union to take

whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4. Production of Records. Each Employer shall promptly furnish to the Trustees, on demand, the names of any and all of his employees, including union, non-union, bargaining unit and non-bargaining unit employees, their Social Security numbers, the hours worked by each employee and such other information as the Trustees may reasonably require in connection with the administration of the Trust Fund and for no other purpose. The Trustees may, by their respective representatives, examine the pertinent employment, payroll and related records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust Fund. The Trustees may require, in the cases of Employers with offices outside the geographical jurisdiction of the Union, that the Employer produce the above-referred to records for examination at the Office of the Fund. The Union shall, upon the request of the Trustees, promptly furnish information in respect to an Employee's employment status. An Employer's production of records shall be on such other terms as the Trustees may specify by rules and regulations, including payment of any costs and fees incurred in obtaining the audit, such as, without limitation, auditing fees, attorneys' and paralegal fees, and any other costs.

Section 5. Delinquent Contributions; Expenses of Collection. The Trustees, in their sole discretion, may require the payment by

Employers of liquidated damages and interest (as provided in this Trust or a separate collections policy established by the Trustees) and of other costs and expenses (such as, without limitation, attorneys' fees, paralegals' fees, accountants' or auditors' fees, filing fees and costs of service of papers and all other costs and disbursements) incurred by the Trustees and arising out of the collection of an Employer's delinquent contributions.

Section 6. Non-Payment by An Employer; Others Still Obligated. Non-payment by any Employer of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

Section 7. Effect of This Trust Agreement. To the extent this Trust Agreement conflicts with the terms and provisions of the Collective Bargaining Agreement, the terms and provisions of this Trust Agreement shall govern. If this Trust Agreement conflicts with the terms and provisions of a separate Collections Policy established by the Trustees, the terms and provisions of the separate Collections Policy shall govern.

## ARTICLE V

## POWERS AND DUTIES OF TRUSTEES

Section 1. Conduct of Trust Business. The Trustees shall have general supervision of the operation of this Trust Fund and shall conduct the business and activities of the Trust Fund in accordance with this Trust Agreement and applicable law. The Trustees shall

Section 8. By-Laws, Rules and Regulations.

(a) The Trustees are hereby empowered and authorized to adopt by-laws and to promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust Fund, provided the same are not inconsistent with the terms of this Trust Agreement. All by-laws, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto, all parties dealing with the Trust Fund and all persons claiming any benefits hereunder.

(b) No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article III, Section 14(b) of this Agreement, shall in any manner conflict or be inconsistent (1) with this Trust Agreement and (2) with any applicable Federal, State or local law.

Section 9. Additional Authority. The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law,

(a) to enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the administration of the Trust Fund, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto and on the Participants involved;

appropriate named fiduciary, or the fiduciary's designee, of the decision denying the claim in accordance with the Act, and in accordance with any regulations promulgated thereunder.

Any participant may institute an appeals request within fifteen (15) days after having received the denial of any claim and upon the written submission of a request for an appeal to the Fund Office shall be granted an appeal within fifteen (15) days or as soon thereafter as he reasonably can be heard and accommodated for the appeal. Records of the factual content of any such appeal shall be kept, although such factual content need not be verbatim. After such a hearing before a committee, or the Board of Trustees as a whole, as the Fund Trustees may decided, the decision of the Appeals Committee on claim procedure shall be submitted in writing to the participant no later than fifteen (15) days of the date the appeal is heard and evidence is closed.

Section 23. Plan Interpretation and Determinations. Notwithstanding any other provision of this Trust Agreement, the Board of Trustees, or their designee, shall have exclusive authority and discretion to:

(a) Determine whether an individual is eligible for any benefits under the Plan;

(b) Determine the amount of benefits, if any, an individual is entitled to from the Plan;

(c) Determine which apprenticeship applicants shall be admitted into the Training Program;

(d) Determine whether an apprentice is complying with the rules of the Training Program;

(e) Terminate an individual's benefits under the Training Plan;

(f) Determine or find facts that are relevant to any claim for benefits from the Plan;

(g) Interpret all of the Plan's provisions;

(h) Interpret all of the provisions of the Summary Plan Description booklet;

(i) Interpret the provisions of any Collective Bargaining Agreement or written Participation Agreement involving or impacting the Plan;

(j) Interpret the provisions of this Trust Agreement governing the operation of the Plan;

(k) Interpret all the provisions of any other document or instrument involving or impacting the Plan; and

(l) Interpret all of the terms used in the Plan, the Summary Plan Description booklet, and all of the other previously mentioned agreements, documents, and instruments.

All such determinations and interpretations made by the Trustees, or their designee: shall be final and binding upon any individual claiming benefits under the Plan and upon all Employees, all Employers, the Union, and any party who has executed any agreement with the Trustees or the Union; shall be given deference in all courts of law, to the greatest extent allowed by applicable law;

and, shall not be overturned or set aside by any court of law unless the court finds that the Trustees, or their designee, abused their discretion in making such determination or rendering such interpretation.

Section 24. Amendment of Plan. The Training Plan may be amended by the Trustees from time to time, provided that such amendments comply with the applicable sections of the then applicable Internal Revenue Code, all applicable federal statutes and regulations, and this Trust Agreement. Additionally and not by way of limitation, the Trustees may amend the Training Plan, in futuro, or retroactively, where they deem it necessary to maintain the continuation of the Trust Fund's tax exempt status or to preserve compliance with the then applicable Internal Revenue Code, applicable federal statutes, and any regulations or rulings issued with respect thereto.

Section 25. Attendance at Educational Seminars or Conferences. The Trustees are hereby authorized to attend meetings, seminars and/or educational conferences, the sole purpose of which shall be the disseminating and providing of information in educational matters for the benefit, instruction, aid, and guidance of Trustees of Funds, and it is expressly provided that Trustees attending such meetings or conferences shall be reimbursed for all necessary and proper expenses in connection with the attendance of such meetings, seminars, or educational conferences. Attendance at such meetings shall be by first class transportation and lodging.

IN WITNESS WHEREOF, the Trustees, Employer Association and the Union have executed this Agreement and Declaration of Trust of the Local 98 Engineers Joint Training, Retraining, Skill Improvement, Safety Education, Apprenticeship and Training Fund, and have evidenced their ratification and consent to be bound by the Trust created herein, effective the 28th day of September 1993.

| EMPLOYER TRUSTEES: | UNION TRUSTEES: |
| --- | --- |
| William Sullivan | John J. Richard |
| James E. Wong | Thomas Young |
| David J. Callahan | Christopher Clark |

SPG:lld
sef\spg\loc98.rdt