AGREEMENT AND DECLARATION OF TRUST

of the

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL
98 and EMPLOYERS COOPERATIVE TRUST
("LOCAL 98 ECT")

AGREEMENT AND DECLARATION OF TRUST

of the

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL
98 and EMPLOYERS COOPERATIVE TRUST
("LOCAL 98 ECT")

TABLE OF CONTENTS

Section                                                                  Page

ARTICLE I - DEFINITIONS

| | | |
|---|---|---|
| 1 | Association | 3 |
| 2 | Employee | 3 |
| 3 | Employer | 4 |
| 4 | Industry | 5 |
| 5 | Labor | 5 |
| 6 | Local Union or Union | 5 |
| 7 | Management | 5 |
| 8 | Operating Engineer(s) | 6 |
| 9 | Trust Agreement | 6 |
| 10 | Trust Fund | 6 |
| 11 | Trustees | 6 |

ARTICLE II - CREATION AND PURPOSES OF FUND

| | | |
|---|---|---|
| 1 | Declaration of Trust | 6 |
| 2 | General Purposes | 7 |
| 3 | Limitations | 8 |
| 4 | Legal Status | 8 |

ARTICLE III - TRUSTEES

| | | |
|---|---|---|
| 1 | Number | 9 |
| 2 | Acceptance of Trusteeship | 10 |
| 3 | Term of Trustees | 10 |
| 4 | Vacancies | 10 |
| 5 | Form of Notification | 10 |
| 6 | Successor Trustee, Assumption of Office | 11 |
| 7 | Limitation of Liability of Trustees | 11 |
| 8 | Office of the Fund | 11 |
| 9 | Officers | 12 |
| 10 | Power to Act in Case of Vacancy | 12 |
| 11 | Meetings; Notices | 13 |
| 12 | Attendance at Meetings; Minutes | 13 |
| 13 | Quorum; Voting; Action Without Meeting | 13 |

| Section | | Page |
|---|---|---|
| 14 | Manner of Acting in the Event of Deadlock | 15 |
| 15 | Removal of Trustee (Violation of Law) | 16 |
| 16 | Plan Indemnification of Exonerated Trustee | 18 |

ARTICLE IV - CONTRIBUTIONS AND COLLECTIONS

| | | |
|---|---|---|
| 1 | Employer Contributions | 19 |
| 2 | Receipt of Payment and Other Property of Trust | 20 |
| 3 | Collection and Enforcement of Payments | 20 |
| 4 | Production of Records | 21 |
| 5 | Delinquent Contributions; Expenses of Collection | 22 |
| 6 | Non-Payment by an Employer; Others Still Obligated | 22 |
| 7 | Effect of This Trust Agreement | 22 |

ARTICLE V - POWERS AND DUTIES OF TRUSTEES

| | | |
|---|---|---|
| 1 | Conduct of Trust Business | 22 |
| 2 | Use of Fund for Expenses | 23 |
| 3 | Use of Fund | 23 |
| 4 | Investments | 23 |
| 5 | Deposits and Disbursements | 25 |
| 6 | Allocation and Delegation of Fiduciary Responsibilities | 25 |
| 7 | Fund Coordinator | 26 |
| 8 | By-Laws, Rules and Regulations | 26 |
| 9 | Additional Authority | 27 |
| 10 | Bonds | 28 |
| 11 | Insurance | 28 |
| 12 | Accountants | 29 |
| 13 | Trustees to Act Without Compensation | 29 |
| 14 | Reports | 29 |
| 15 | Records of Trustee Transactions | 30 |
| 16 | Liability | 30 |
| 17 | Reliance on Written Instruments | 30 |
| 18 | Reliance by Others | 30 |
| 19 | Discharge of Liability | 31 |
| 20 | Construction and Determinations by Trustees | 31 |
| 21 | Attendance at Educational Seminars or Conferences | 32 |

ARTICLE VI - CONTROVERSIES AND DISPUTES

| | | |
|---|---|---|
| 1 | Reliance on Records | 32 |
| 2 | Submission to Trustees | 33 |
| 3 | Settling Disputes | 33 |

| Section | | Page |
|---|---|---|
| | **ARTICLE VII - BENEFICIAL RIGHTS** | |
| 1 | No Right, Title or Interest | 33 |
| 2 | Assignment Prohibited | 34 |
| 3 | Mistaken Contributions | 34 |
| | **ARTICLE VIII - ADDITIONAL PARTIES** | |
| 1 | Additional Employers | 34 |
| 2 | Mergers | 35 |
| | **ARTICLE IX - TRUST AGREEMENT AMENDMENTS** | |
| | **ARTICLE X - TERMINATION OF TRUST** | |
| | **ARTICLE XI - MISCELLANEOUS** | |
| 1 | Trustee Powers After Termination | 36 |
| 2 | Counterparts | 36 |
| 3 | Enforceability of Trust Provisions | 36 |
| 4 | Designee for Service of Process | 36 |

AGREEMENT AND DECLARATION OF TRUST

of the

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL
98 and EMPLOYERS COOPERATIVE TRUST
("LOCAL 98 ECT")

THIS AGREEMENT AND DECLARATION OF TRUST is made effective July 1, 1998, by, between the International Union of Operating Engineers Local 98, AFL-CIO ("Local 98" or "Union"), a local union in Massachusetts which now or hereinafter adopts this instrument, the Construction Industry of Massachusetts and Construction Industry Association of Western Massachusetts ("Association"), representing employers in the operating engineers industry and other employers ("Employers") who now or hereafter adopt this instrument, and the individuals who herein or hereafter agree to serve as Trustees of the Trust established by this instrument.

WITNESSETH:

WHEREAS, the Union is a labor organization which represents operating engineers employed in the building, construction industry (the "Industry") in Massachusetts and other geographic areas; and

WHEREAS, the Association is an organization of Employers which employ operating engineers in the Industry in Massachusetts and other geographic areas, and which represent certain such employers for purposes of collective bargaining; and

WHEREAS, the Employers operate businesses in the Industry in Massachusetts and other geographic areas which employ operating engineers; and

ARTICLE IV

CONTRIBUTIONS AND COLLECTIONS

Section 1.  Employer Contributions.

(a)  Each Employer shall make prompt contributions or payments to the Trust Fund in such amount and under the terms as are provided for in the applicable collective bargaining agreement in effect from time to time between the Employer or his bargaining representative and the Union. An Employer may also be required to make contributions in such amount and under such terms as such Employer may be obligated, in writing, to make, provided that such contributions shall be subject to acceptance by the Trustees.  The Employer agrees that such contributions shall constitute an absolute obligation to the Trust Fund, and such obligation shall not be subject to set-off or counterclaim which the Employer may have for any liability of the Union or of an Employee.

(b)  Contributions to the Fund shall be paid to the Trustees or to such depository as the Trustees shall designate, only by check, bank draft, money order or other recognized written method of transmitting money or its equivalent, made payable to the order of the Local 98 ECT Fund.  The payment of contributions shall be made periodically at such times as the Trustees shall specify by rules and regulations or, if the Trustees so elect, as may be provided in the applicable collective bargaining agreement.

(c)  Each Employer shall be responsible only for the contributions payable by him on account of Employees covered by him,

19

except as may be otherwise provided by law. The Employer shall not be responsible for the contributions, payments or other obligations of any other Employer, or otherwise. For the purpose of computing the said contributions, all fractional hours of 1/2 or more should be considered an additional hour. Otherwise such fractional hours should be cancelled.

(d) In the event an Employee employed by an Employer, as defined herein, shall perform work outside of the geographical jurisdiction of the Union, the Employer may continue to make payments to the Trust Fund and the Trustees may accept such payments.

Section 2. <u>Receipt of Payment and Other Property of Trust</u>. The Trustees or such other person or entity designated or appointed by the Trustees are hereby designated as the persons to receive the payments heretofore or hereafter made to the Trust Fund by the Employers and Employees. The Trustees are hereby vested with all right, title and interest in and to such moneys and all interest which may be accrued thereon, and are authorized to receive and be paid the same.

Section 3. <u>Collection and Enforcement of Payments</u>. The Trustees, or such committee of the Trustees as the Trustees shall appoint, or the Fund Coordinator, if one has been appointed and when directed by such committee or by the Trustees, shall have the power to demand, collect and receive Employer payments and all other money and property to which the Trustees may be entitled, and shall hold the same until applied to the purposes provided in this Trust Agreement. They shall take such steps, including the institution and prosecution

20

of, or the intervention in, such legal or administrative proceedings as the Trustees in their sole discretion determine to be in the best interest of the Trust Fund for the purpose of collecting such payments, money and property, without prejudice, however, to the Union's rights to take whatever steps it deems necessary and wishes to undertake for such purposes.

Section 4.  <u>Production of Records</u>.  Each Employer shall promptly furnish to the Trustees, on demand, the names of any and all of his employees, including union, non-union, bargaining unit and non-bargaining unit employees, their Social Security numbers, the hours worked by each employee and such other information as the Trustees may reasonably require in connection with the Fund's administration and for no other purpose.  The Trustees may, by their respective representatives, examine the pertinent employment, payroll and related records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the Fund's proper administration.  The Trustees may require, in the cases of Employers with offices outside the Union's geographical jurisdiction, that the Employer produce said records for examination at the Fund's Office.  The Union shall, upon the Trustees' request, promptly furnish information regarding an Employee's employment status.  An Employer's production of records shall be on such other terms as the Trustees may specify by rules and regulations, including payment of any costs and fees incurred in obtaining the audit, such as, without limitation, auditing fees, attorneys' and

21

paralegals' fees, and any other costs.

Section 5. <u>Delinquent Contributions; Expenses of Collection</u>. The Trustees, in their sole discretion, may require the payment by Employers of liquidated damages and interest (as provided in this Trust Agreement or the separate Collections Policy established by the Trustees) and of other costs and expenses (such as, without limitation, attorneys' fees, paralegals' fees, accountants' or auditors' fees, filing fees and costs of service of papers and all other costs and disbursements) incurred by the Trustees and arising out of the collection of an Employer's delinquent contributions.

Section 6. <u>Non-Payment by an Employer; Others Still Obligated</u>. Non-payment by any Employer of any contribution or other moneys owed to the Fund shall not relieve any other Employer from his or its obligation to make required payments to the Trust Fund.

Section 7. <u>Effect of This Trust Agreement</u>. To the extent this Trust Agreement conflicts with the terms and provisions of a collective bargaining agreement, the terms and provisions of this Trust Agreement shall govern. If this Trust Agreement conflicts with the terms and provisions of the separate Collections Policy established by the Trustees, the terms and provisions of the separate Collections Policy shall govern.

## ARTICLE V

### POWERS AND DUTIES OF TRUSTEES

Section 1. <u>Conduct of Trust Business</u>. The Trustees shall have

22

appropriate or necessary in their sole discretion.

Section 7. <u>Fund Coordinator</u>. The Trustees may employ or contract for the services of an individual, firm or corporation, to be known as "Fund Coordinator," who shall, under the Trustees' direction or under the direction of any appropriate committee of the Trustees, administer the Fund's property and equipment, coordinate and administer the accounting, bookkeeping and clerical services, provide for the coordination of various services furnished by any consultants to the Fund, prepare (in cooperation where appropriate with any consultant and independent auditor) all reports and other documents to be prepared, filed or disseminated by or on behalf of the Fund in accordance with law, assist in the collection of contributions required to be paid to the Fund by Employers and perform such other duties and furnish such other services as may be assigned, delegated or directed or as may be contracted by or on behalf of the Trustees. The Fund Coordinator shall be the custodian on the Trustees' behalf of all documents and other records of the Trustees and of the Fund.

Section 8. <u>By-Laws, Rules and Regulations</u>.

(a) The Trustees are hereby empowered and authorized to adopt by-laws and to promulgate any and all rules and regulations which they deem necessary or desirable to facilitate the Fund's proper administration, provided the same are not inconsistent with the terms of this Trust Agreement. All by-laws, rules and regulations adopted by action of the Trustees shall be binding upon all parties hereto and all parties dealing with the Fund.

26

(b)  No by-law, regulation, rule, action or determination made or adopted by the Trustees, nor any decision or determination made by any impartial umpire appointed pursuant to Article III, Section 14(b) of this Agreement, shall in any manner conflict or be inconsistent (1) with this Trust Agreement or (2) with any applicable Federal, State or local law.

Section 9.  *Additional Authority*.  The Trustees are hereby empowered, in addition to such other powers as are set forth herein or conferred by law to:

(a)  enter into any and all contracts and agreements for carrying out the terms of this Trust Agreement and for the Fund's administration, and to do all acts as they, in their discretion, may deem necessary or advisable, and such contracts and agreements and acts shall be binding and conclusive on the parties hereto;

(b)  keep property and securities registered in the name of the Trustees or of the Fund or in the name of any other individual or entity duly designated by the Trustees;

(c)  establish and accumulate as part of the Trust Fund such reasonable reserve funds as the Trustees, in their sole discretion, deem necessary or desirable to carry out the Fund's purposes;

(d)  pay out of the Trust Fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws upon or with respect to the Fund, or any money, property, or securities forming a part thereof;

27

of this Trust Agreement have been complied with, or (c) to inquire into the necessity or expediency of any act of the Trustees. Every instrument executed by the Trustees shall be conclusive evidence in favor of every person relying thereon that (a) at the time of the execution of said instrument, the Trust was in full force and effect, (b) the instrument was executed in accordance with the terms and conditions of this Trust Agreement and (c) the Trustees were duly authorized and empowered to execute the instrument.

Section 19. <u>Discharge of Liability</u>. The receipt by the Trustees of any money or property or checks (after such checks are honored at the bank and paid to the Trust Fund) shall discharge the person or persons paying or transferring the same.

Section 20. <u>Construction and Determinations by Trustees</u>. Subject to the stated purposes of the Fund and the provisions of this Agreement, the Trustees shall have full and exclusive authority and discretion to interpret and construe the provisions of this Agreement, the terms used herein and the by-laws and regulations issued thereunder. Any and all such determinations, interpretations and constructions made or adopted by the Trustees in good faith shall be binding upon all of the parties hereto and be given deference in all courts of law, to the greatest extent allowed by applicable law. A determination or interpretation made by Trustees shall not be overturned or set aside by any court of law unless found to be arbitrary and capricious, or made in bad faith.

No matter respecting the foregoing or any difference arising thereunder or any matter involved in or arising under this Trust Agreement shall be subject to the grievance or arbitration procedure established in any collective bargaining agreement(s) between the Employer and the Union, provided, however, that this clause shall not affect the rights and liabilities of any of the parties under any of such collective bargaining agreement(s).

Section 21. <u>Attendance at Educational Seminars or Conferences</u>. The Trustees are hereby authorized to attend meetings, seminars and/or educational conferences, the sole purpose of which shall be the disseminating and providing of information in educational matters for the benefit, instruction, aid, and guidance of Fund Trustees, and it is expressly provided that Trustees attending such meetings or conferences shall be reimbursed for all necessary and proper expenses in connection with attending such meetings, seminars, or conferences.

## ARTICLE VI

### CONTROVERSIES AND DISPUTES

Section 1. <u>Reliance on Records</u>. In any controversy, claim, demand, suit at law or other proceeding between any entity or person and the Trustees, the Trustees shall be entitled to rely upon any facts appearing in the records of the Fund or the Trustees, any instruments on file with the Trustees, with the Union or with the Employers, any facts certified to the Trustees by the Union or the Employers, any facts which are of public record and any other evidence

pertinent to the issue involved.

Section 2. <u>Submission to Trustees</u>. All questions or controversies, of whatsoever character, arising in any manner or between any parties or persons in connection with the Trust Fund or the operation thereof, or whether as to the construction of the language or meaning of the by-laws, rules and regulations adopted by the Trustees or this instrument, or as to any writing, decision, instrument or accounts in connection with the operation of the Trust Fund or otherwise, shall be submitted to the Trustees and the decision of the Trustees shall be binding upon all persons dealing with the Trust Fund.

Section 3. <u>Settling Disputes</u>. The Trustees may in their sole discretion compromise or settle any claim or controversy in such manner as they think best, and any decision made by the Trustees in compromise or settlement of a claim or controversy, or any compromise or settlement agreement entered into by the Trustees, shall be conclusive and binding on all parties interested in this Fund.

ARTICLE VII

<u>BENEFICIAL RIGHTS</u>

Section 1. <u>No Right, Title or Interest</u>. No Employer or Employer Association, nor any Employee of any such Employer, nor the Union, nor any member of the Union, nor any persons claiming by, through or under any of them, shall have any right, title or interest in or to the Trust Estate or any part thereof nor shall the Fund's assets inure to

any of the above.

Section 2. <u>Assignment Prohibited</u>. No monies, property or equity of any nature whatsoever, in the Fund, shall be subject in any manner by an Employee or a person claiming through such Employee, to anticipation, alienation, sale, transfer, assignment, pledge, encumbrance, garnishment, levy, mortgage, lien or charge, and any attempt to cause the same to be subject thereto shall be null and void.

Section 3. <u>Mistaken Contributions</u>. In the case of a contribution which is made by an Employer by a mistake of fact or law, such contribution may be returned by the Trustees to such Employer within six months after the Trustees determine that the contribution was made by mistake but only if a claim is made by the Employer for a refund of such contribution within one year after the contribution was received by the Fund. This shall not entitle any Employer to unilaterally take a credit for any such alleged mistaken contribution. Such credit may only be taken if the Trustees, in their sole discretion, determine that such a mistaken contribution has, in fact, been made, and that such contribution should be returned.

## ARTICLE VIII

### ADDITIONAL PARTIES

Section 1. <u>Additional Employers</u>. Additional Employers and/or Employer Associations may be admitted to participation in this Fund

34

## ARTICLE XI

### MISCELLANEOUS

Section 1. <u>Trustee Powers After Termination</u>. The Trustees may continue to exercise all the title, powers, discretions, rights and duties conferred or imposed upon them by law or by this Trust Agreement after the Fund's termination in whole or in part, until the final distribution of the assets thereof.

Section 2. <u>Counterparts</u>. This Trust is made in counterparts any of which shall be deemed the sole original if the others be not produced.

Section 3. <u>Enforceability of Trust Provisions</u>. In the event that any of the provisions herein contained shall be declared or held to be invalid or unenforceable, such declaration or adjudication shall not in any manner affect or impair the validity or the enforceability of the other and remaining provisions of this Trust Agreement and such other and remaining provisions shall remain in full force and effect as though such invalid or unenforceable provisions or clauses had not been herein included or made a part hereof.

Section 4. <u>Designee for Service of Process</u>. The Board of Trustees is designated as the agent of the Fund upon whom process against the Fund may be served. The address where any process against the Fund may be served is:

> International Union of Operating Engineers
> Local 98 and Employers Cooperative Trust
> Two Center Square
> P.O. Box 217
> East Longmeadow, Massachusetts   01028

IN WITNESS WHEREOF, the Trustees have executed this Agreement and Declaration of Trust of the International Union of Operating Engineers Local 98 and Employers Cooperative Trust which was approved on the 30th day of July, 1998, and have evidenced their ratification and consent to be bound by the Trust Agreement created herein, effective as of the 1st day of June, 1998.

EMPLOYER TRUSTEES:                              UNION TRUSTEES:

_William J. Sullivan_                           _John J. Rebow_

_[signature]_                                   _Christopher Clark_

_Doyle E. Wittmer_                              _Daniel A. Carclemino_

_Joseph A. Gallo_                               _Douglas M. Richards_

RCC\CEB\AGRMNTS\98TRUSTAGTaccepted.DOC